IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT M. THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-575-D |
| ) | |
| LARRY HILL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT HAMEED'S MOTION TO ENFORCE**

Mr. Scott Thornton is a pretrial detainee, alleging constitutional violations at the Oklahoma County Detention Center. Seventy-five days ago, Dr. Akhtar Hameed filed a motion to dismiss, and the Plaintiff has not responded. Based on the lack of a timely response, Defendant Hameed seeks an order deeming his motion to dismiss "confessed."[1] The Court should overrule the request.

Dr. Hameed's motion is based on Local Civil Rule 7.1(g). *See* Motion to Enforce at p. 1 (seeking relief for the Plaintiff's failure to respond to the Court's order "pursuant to W.D. Okla. LCvR 7.1(g)"). This rule states that any motion not opposed within the deadline "may, in the discretion of the Court, be deemed confessed." W.D. Okla. Local Civil Rule 7.1(g).

---

[1] Defendant Hameed's Motion to Enforce Court Order [Doc. 74] Regarding Plaintiff's Failure to Timely Respond to Defendant Hameed's Motion to Dismiss [Doc. 72] at p. 2 (Feb. 19, 2009) ("Motion to Enforce").

As Mr. Thornton was warned, Dr. Hameed's motion could be deemed confessed based on the lack of a timely response. *See* Order (Jan. 16, 2009). But confession is not automatic. Instead, this Court considers three factors:

- the degree of actual prejudice to the defendant,
- the amount of interference with the judicial process, and
- the culpability of the litigant.[2]

"[O]nly when these aggravating factors outweighed the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." *Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (citation omitted). When balancing these factors, the Court can only deem a dispositive motion "confessed" when there is a "clear record of delay or contumacious conduct." *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

Under this standard, the Court should decline to treat Dr. Hameed's dispositive motion as "confessed." Mr. Thornton is representing himself, and he does not have a substantial record of "delay or contumacious conduct." Consideration of the motion to dismiss on the merits would not prejudice Dr. Hameed or interfere with the judicial process.[3]

---

[2] *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998); *see also Murray v. City of Tahlequah, Oklahoma*, 312 F.3d 1196, 1200 (10th Cir. 2002) (reversing the district court for treating a summary judgment motion as "confessed" without consideration of the three factors).

[3] *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (reversing the district court's treatment of a motion to dismiss as confessed, under a local rule, in part because the delay could not have prejudiced the defendants or interfered with the judicial process).

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by May 28, 2009. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling.[4]

The referral is not terminated.

Entered this 8th day of May, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[4] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").