IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SCOTT M. THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-575-D |
| | ) | |
| LARRY HILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**
**CONCERNING DR. HAMEED'S MOTION TO DISMISS**

Mr. Scott Thornton is a pretrial detainee at the Oklahoma County Detention Center, alleging in part deliberate indifference to his serious medical needs. Dr. Akhtar Hameed moves for dismissal with prejudice, and the Court should overrule the motion.

STANDARD FOR DISMISSAL

Dismissal for failure to state a valid claim is proper only if the Plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The well-pleaded factual allegations in the amended complaint must be accepted as true and construed in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). A *pro se* complaint like Mr. Thornton's must be broadly construed under this standard. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

## ALLEGED DELIBERATE INDIFFERENCE
## TO SERIOUS MEDICAL NEEDS

Mr. Thornton alleges a violation of the Eighth and Fourteenth Amendments[1] through deliberate indifference to his serious medical needs.[2]  Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 13-14 (Oct. 15, 2008) ("Amended Complaint").  In the suit against Dr. Hameed, the Plaintiff claims:

- delay in his treatment and lack of pain medication for a broken hand,

- inadequate treatment for "severe abdominal/chest pain," and

- inadequate treatment for a "chronic cough."

*Id.*

Dr. Hameed seeks dismissal on grounds that he would be absolved by the Plaintiff's conclusory claims.  Special Appearance of Defendant Akhtar Hameed, M.D. ("Dr. Hameed"), and Motion to Dismiss Plaintiff's Amended Complaint [Doc. 29] and Brief in Support at p. 5 (Jan. 16, 2009) ("Motion to Dismiss").

---

[1] As a pretrial detainee, Mr. Thornton's claims would be governed by the Fourteenth Amendment's Due Process Clause.  *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).  But the scope of the constitutional protection would be the same under either the Eighth Amendment or the Fourteenth Amendment's Due Process Clause.  *See id.*

[2] The Eighth Amendment requires prison officials to "provide humane conditions of confinement" for inmates.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  As a result, deliberate indifference to a prisoner's serious injury is actionable under Section 1983.  *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).  A prison official violates the Eighth Amendment when the deprivation was "sufficiently serious" and resulted from a "deliberate indifference" to an inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. at 834.

According to the Defendant, the allegations in the amended complaint are conclusory because they "fail[] to articulate any facts to support [a] claim of alleged civil rights violations." Motion to Dismiss at p. 5. This characterization is inaccurate.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Under this rule, a plaintiff "must explain [in the complaint] what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Thornton has satisfied this definition of "a short and plain statement of the claim." For example, the Plaintiff identified his medical conditions, gave relevant dates and time periods, and alleged that Dr. Hameed had disregarded serious medical needs. *See* Amended Complaint at pp. 13-14. The Plaintiff's claims are not conclusory.

Dr. Hameed also argues that he was "absolve[d]" of liability in light of the admission in the amended complaint that he had "seen" Mr. Thornton. The argument is not explained or supported. Apparently, Dr. Hameed believes that he cannot incur civil liability as long as he had examined Mr. Thornton. Motion to Dismiss at p. 5. This argument is invalid as a matter of law.[3]

---

[3]   *See*, *e.g.*, *Kikumura v. Osagie*, 461 F.3d 1269, 1274, 1295 (10th Cir. 2006) (holding that the inmate plaintiff had stated a valid Eighth Amendment claim against a physician's assistant even though he had provided medical treatment in light of allegations that the examination was cursory and delayed).

Accordingly, the Court should overrule Dr. Hameed's motion to dismiss.

## NOTICE OF RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by May 28, 2009. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is not terminated.

Entered this 8th day of May, 2009.

*/s/ Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge