IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT M. THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-575-D |
| | ) |
| LARRY HILL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**
**CONCERNING CLASS CERTIFICATION**

Mr. Thornton has moved for class certification. Doc. 90. Certification would only be appropriate if Mr. Thornton could serve as an adequate representative for the class. *See* Fed. R. Civ. P. 23(a)(4). Mr. Thornton bears the burden of proof on this issue,[1] and he cannot do so because of his inability to afford vigorous litigation on behalf of the proposed class.[2]

---

[1] *See Pilots Against Illegal Dues (Paid) v. Air Line Pilots Association*, 938 F.2d 1123, 1134 (10th Cir. 1991) ("The burden of showing the adequacy of representation was on the plaintiffs below and [they] have not demonstrated to us that they met this burden.").

[2] Currently Mr. Thornton is appearing *pro se*, which would also prevent adequate representation for the proposed class. *See Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (upholding the denial of a motion to certify a class because the *pro se* litigant could not adequately represent the interests of the class). But the Court is currently requesting legal representation for Mr. Thornton through the Federal Bar Association. Accordingly, Mr. Thornton's *pro se* status may be disregarded for purposes of the present motion.

Mr. Thornton lacks the financial resources to vigorously litigate on behalf of other class members. The Plaintiff could not prepay the filing fee,[3] and his lack of funds would prevent adequate pursuit of class objectives.[4] As one federal appellate court noted: "Class lawsuits can be frightfully expensive: the costs (apart from legal fees) include not only the notice to the class but also the reporter's fees for depositions, duplication expenses, payments to express delivery services, and the like." *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991); *see also Pinson v. Watkins*, 2006 WL 1620323, Westlaw op. at 1-2 (W.D. Okla. June 7, 2006) (unpublished op.) (the plaintiff's lack of financial resources limited his ability to adequately represent the interests of a class); *Brown v. Corrections Corporation of America*, Case No. CIV-99-1308-T, slip op. at 1 (W.D. Okla. Mar. 8, 2001) (Thompson, J.) (unpublished op.) ("The plaintiffs have not satisfied the requirements of Fed.R.Civ.P. 23(a),

---

[3]   *See* Order Granting Leave to Proceed *in Forma Pauperis* (July 18, 2008); Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Pursuant to 28 U.S.C. 1915 and 28 U.S.C. 1746 for Prisoner Cases) (July 17, 2008).

[4]   In *Sanderson v. Winner*, 507 F.2d 477 (10th Cir. 1974) (*per curiam*), the Tenth Circuit Court of Appeals disallowed discovery into the plaintiffs' financial information in consideration of whether they could adequately represent a class. *Sanderson v. Winner*, 507 F.2d at 479-80. In doing so, however, the court acknowledged: "We recognize that the class action is unique and we see the necessity for the court to be satisfied that the plaintiff or plaintiffs can pay the notice costs, and we also agree fully with the Court's ruling in Eisen that due process requires decent notice." *Id.* at 479-80. Accordingly, the appeals court pointed out that some district court "decisions have considered the plaintiff's ability to pay as relevant and proper" when a "legitimate concern [exists] about the ability of the plaintiffs to successfully lead a class" of great magnitude. *Id.* at 480. Thus, *Sanderson v. Winner* does not prevent consideration of Mr. Thornton's financial condition. *See, e.g., State v. Southwestern Bell Telephone Co.*, 2002 WL 398796, Westlaw op. at 5 n.7 (N.D. Okla. Mar. 4, 2002) (unpublished op.) (acknowledging that a plaintiff need not disclose financial statements to prove adequate representation, but noting that "a plaintiff's inability to finance . . . notification seriously calls into question the plaintiff's ability to adequately represent the proposed class").

as they have failed to demonstrate that they can adequately protect the interests of the class; it is highly unlikely that the plaintiffs would be able to fund adequate notice and discovery." (footnote omitted)); *accord Duprey v. State of Connecticut Department of Motor Vehicles*, 191 F.R.D. 329, 338 (D. Conn. 2000).[5]

As noted elsewhere, the Court is requesting legal representation for Mr. Thornton. *See supra* note 2. If legal representation is obtained for Mr. Thornton, a limited fund would be available to reimburse the attorney for extraordinary expenses. However, reimbursement is generally limited to $1500 per case. Authorization for Reimbursement of Certain Expenses from the Non-Appropriated Fund at p. 2, Misc. Order No. 22 (W.D. Okla. Sept. 12, 2001) (*en banc*). For expenses beyond $1500, the Could would permit reimbursement only "in unusual circumstances . . . and subject to availability of funds." *Id.* Indeed, regardless of the possibility of eventual reimbursement, the Court cannot presume that *pro bono* counsel would be willing to advance litigation expenses. Counsel might be willing to do so. *See* Rule 1.8(e), Oklahoma Rules of Professional Conduct ("a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter"). However, counsel would be under no obligation to advance expenses. *See Arrocha v. McAuliffe*, 109 F.R.D. 397, 399 (D. D.C. 1986) ("While under the

---

[5] In *Duprey v. State of Connecticut Department of Motor Vehicles*, the court stated: "The ability and willingness of the named plaintiff to finance a lawsuit are pertinent factors in the determination of whether the named plaintiff is an adequate representative of the class. If the lawsuit is not financed adequately, then it probably cannot be prosecuted vigorously." 191 F.R.D. at 338 (citation omitted).

Code of Professional Responsibility and the Canons, it is permissible for pro bono counsel to advance discovery and related pretrial expenses, or even to absorb these expenses, pro bono counsel can not be required to do so." (footnote & citations omitted)). The Plaintiff's likely inability to reimburse counsel, even if allowed, weighs against certification. *See Kamens v. Horizon Corp.*, 81 F.R.D. 444, 446-47 (S.D. N.Y. 1979).

Accordingly, the Plaintiff cannot serve as an adequate representative and the Court should deny his request for class certification.

The Plaintiff is advised of his right to file an objection with the Clerk of this Court. The deadline for objections is July 2, 2009. *See* 28 U.S.C. § 636(b)(1).[6] The failure to timely object would result in waiver of the right to appeal an order denying class certification. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is not terminated.

Entered this 2nd day of June, 2009.

Robert E. Bacharach
United States Magistrate Judge

---

[6] The Court is giving the Plaintiff 30 days to object in light of the pending request for legal representation. *See* 28 U.S.C. § 1915(e)(c).