IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SCOTT M. THORNTON,              )
                                )
            Plaintiff,           )
                                )
v.                              )     Case No. CIV-08-575-D
                                )
LARRY HILL, *et al.*,           )
                                )
            Defendants.         )

**O R D E R**

This matter is before the Court for review of the Report and Recommendation Concerning Dr. Hameed's Motion to Dismiss [Doc. No. 96], issued May 8, 2009, by United States Magistrate Judge Robert E. Bacharach pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Bacharach recommends the denial of Defendant Hameed's Motion to Dismiss Plaintiff's Amended Complaint, filed pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 72]. Judge Bacharach finds sufficient factual allegations by Plaintiff, who appears *pro se*, to state a claim under 42 U.S.C. § 1983 against Dr. Hameed for denial of medical care during Plaintiff's pretrial detention in the Oklahoma County Detention Center.

Dr. Hameed has timely objected to this Report, arguing that Plaintiff's allegations lack sufficient specificity to state a claim against him, as opposed to other employees of Correctional Healthcare Management, or to show a constitutional violation, that is, "[t]o show Dr. Hameed committed or omitted acts constituting both the objective and subjective components of a civil rights complaint sounding in improper medical treatment." *See* Dr. Hameed's Objection [Doc. No. 104] at 6. The Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Amended Complaint alleges in Count V that Plaintiff has been denied adequate health care and emergency services in violation of the Eighth and Fourteenth Amendments. The factual allegations to support this claim include details regarding occasions of "severe abdominal/chest pain" for which Plaintiff was variously denied treatment, given antacid tablets and returned to his cell, administered an E.K.G. test, and advised that he needed a test "to determine whether the episodes of intense pain were associated with Plaintiff's gall bladder." *See* Am. Compl. [Doc. No. 29], at 13-14, ¶ B. Plaintiff alleges that the gall bladder test has not been done and "to date, nothing has been medically diagnosed or treated." *Id.* Plaintiff specifically alleges that "an attempt to address this ailment with Defendant Dr. Hameed on 9/11/08 was dismissed as heartburn." *Id.* at 14 n.1.

Dismissal for failure to state a claim is proper under Rule 12(b)(6) "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *accord Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007). The question presented by a Rule 12(b)(6) motion is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.2007)). However,"[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Padrus*, 127 S. Ct. 2197, 2200 (2007) (internal quotations omitted) (omission in original). Further, "'a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Upon consideration of the Amended Complaint under these standards, the Court finds Plaintiff's allegations to be sufficient to state a claim that Dr. Hameed denied him constitutionally adequate medical care. The alleged facts are sufficient to raise an inference that Dr. Hameed demonstrated "deliberate indifference" to Plaintiff's serious medical needs under Eighth Amendment standards set forth in *Estelle v. Gamble*, 429 U.S. 97, 102 (1976), and *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Specifically, Plaintiff alleges a medical need that may be sufficiently serious to require medical attention and treatment. *See Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (severe chest pain was "sufficiently serious"). Plaintiff also alleges facts tending to show that Dr. Hameed knew of and disregarded this medical need. Accordingly, the Court finds that the Amended Complaint sufficiently states a § 1983 claim against Dr. Hameed,

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 96] in its entirety. Defendant Hameed's Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 72] is DENIED.

IT IS SO ORDERED this  3rd  day of June, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE