IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT M. THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-575-D |
| ) | |
| LARRY HILL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**
**CONCERNING MOTION FOR INJUNCTIVE RELIEF**

In the amended complaint, Mr. Scott Thornton alleged violations relating to the:

● adequacy of administrative procedures,

● adequacy of protection during transit,

● availability of court access,

● adequacy of conditions of confinement,

● accessibility of personal and religious property,

● use of force,

● procedures employed in the disciplinary process, and

● adequacy of medical care.

Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 3-17 (Oct. 15, 2008) ("Amended Complaint").

In a motion for injunctive relief, Mr. Thornton seeks an order requiring the Defendants to assign a "mandatory pod officer to [the] 12th Floor" of the Oklahoma County Detention Center. Motion for Temporary Injunction at p. 1 (June 1, 2009). The Court should deny the request.

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.[1]

Mr. Thornton suggests that a "pod officer" would ensure "security and safety, both for officers and inmates alike." Motion for Temporary Injunction at p. 1 (June 1, 2009). But in his amended complaint, the Plaintiff did not allege unsafe conditions on the twelfth floor of the Oklahoma County Detention Center. *See supra* p. 1; *see also* Amended Complaint, *passim*. Instead, Mr. Thornton claimed that the conditions were not safe during trips to and from the courthouse. *See* Amended Complaint at pp. 4-5. The Court cannot issue the

---

[1] *See Terry v. Jones*, 2007 WL 962916 (W.D. Okla. Mar. 30, 2007) (unpublished order) (denying a motion for a preliminary injunction on grounds that the claimant had failed to establish a relationship between preliminary relief and the claims in the underlying petition); *accord Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint" (citation omitted)).

requested preliminary injunction because it involves actions unrelated to the claims in the amended complaint.

Through counsel, Mr. Thornton has the right to object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Any objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objection is August 8, 2009. *See* W.D. Okla. LCvR 72.1. The failure to timely object to this report would preclude appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is not terminated.

Entered this 17th day of July, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge