IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SCOTT M. THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-575-D |
| | ) | |
| LARRY HILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued May 27, 2009 [Doc. No. 102], by United States Magistrate Judge Robert E. Bacharach pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Bacharach recommends various rulings regarding the Motion to Dismiss/for Summary Judgment [Doc. No. 60], filed on behalf of numerous individuals, the Oklahoma County Detention Center, and the Oklahoma County Sheriff's Office, and regarding the Amended Complaint [Doc. No. 29], which is subject to initial screening under 28 U.S.C. § 1915A.

The time period for filing objections to this Report expired on June 17, 2009.[1] A review of the case file reveals only one timely objection, which was filed on behalf of the moving defendants. The Court must make a *de novo* determination of any part of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Defendants' Objection addresses the following parts of Judge Bacharach's Report: (1) a finding that the Amended Complaint states "official capacity" claims against the individual defendants; (2) the failure to address grounds for dismissal raised in a motion filed by Sheriff John Whetsel; and (3) the analysis of Plaintiff's excessive force claim regarding Officer

---

[1] Judge Bacharach has issued other reports that have been addressed by separate orders.

Arrington. *See* Defs.' Notice [Doc. No. 124] (abandoning one objection). The Court finds that further review of all other issues addressed in the Report is waived.

**Official Capacity Claims**

Judge Bacharach finds that the Amended Complaint states "official capacity" claims against individuals employed at the Oklahoma County Detention Center, referred to in the Report as the Individual OCDC Defendants. Such claims, if asserted, would be treated as claims against the governmental entity of which they are agents, presumably here, Oklahoma County.[2] *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). In making this finding, Judge Bacharach relied on the proposition that "[w]hen a *pro se* plaintiff does not say whether he is suing in the defendant's personal or official capacity, the Tenth Circuit Court of Appeals has regarded the claim to encompass both capacities." *See* Report at 2, n.1 (citing *Hull v. State of New Mexico Taxation & Revenue Dept's Motor Vehicle Div.*, 179 F. App'x 445, 447 (10th Cir. 2006); *Ortega v. Gonzalez*, No. 93-6232, 1994 WL 47162, *2 (10th Cir. Feb. 17, 1994)). Defendants correctly note, however, that the Tenth Circuit has addressed this issue in numerous published opinions, which provide binding precedent.

"When, as here, 'the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability.'" *Trackwell v. U.S. Government*, 472 F.3d 1242, 1244 (10th Cir. 2007) (quoting *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993); *see also Houston v. Reich*, 932 F.2d 883, 885 (10th Cir.1991). A review of Plaintiff's pleadings and his stated reasons for amending his complaint lead the Court to conclude that Plaintiff intended to

---

[2] Oklahoma County is currently a defendant through an "official capacity" claim against Sheriff John Whetsel, who was substituted for the Oklahoma County Sheriff's Office while the Motion was pending. *See* Order 2/13/09 [Doc. No. 80].

sue both the individuals involved in the alleged civil rights violations and their employer, incorrectly named in his pleadings as the Oklahoma County Sheriff's Office and the Oklahoma County Detention Center. During the course of the proceedings, Plaintiff accomplished this intention by substituting an official capacity suit against Oklahoma County Sheriff John Whetsel in place of his suit against the Oklahoma County Sheriff's Department. *See supra* note 2. Implying official capacity claims against the other individual defendants is unnecessary and would serve no useful purpose. Plaintiff has sued these defendants, which include detention officers and supervisors, in an effort to impose personal liability on everyone potentially responsible for his alleged injuries. The Court finds that the Individual ODOC Defendants named in the Amended Complaint, other than Sheriff Whetsel, are sued only in their individual capacities. Therefore, the Court declines to adopt the recommended ruling that the Amended Complaint states official capacity claims against the Individual ODOC Defendants.

**Omitted Arguments**

Judge Bacharach did not err in failing to consider arguments made by Sheriff Whetsel in support of a separate motion for dismissal he filed on May 27, 2009, the same day the Report was issued. The Individual ODOC Defendants did not present the same arguments in support of their motion, and they fail to explain why Judge Bacharach should have addressed issues not raised in their motion papers.

**Excessive Force**

Regarding Plaintiff's § 1983 claim of excessive use of force, Judge Bacharach finds a genuine dispute of material facts prevents summary judgment under Rule 56 regarding an incident on August 5, 2008, in which Plaintiff was allegedly struck by Officer Arrington. Defendants object to this finding. In so doing, they do not disagree with the legal principles stated by Judge

Bacharach, but they disagree with his view of the facts. Upon *de novo* review of the record, the Court finds that Judge Bacharach properly assessed the facts and evidence of record in the light most favorable to Plaintiff's position, as required by Rule 56.

Judge Bacharach correctly finds that Plaintiff stated in his verified Amended Complaint that he was handcuffed, removed from his cell, and placed against a wall outside and that Officer Arrington then kicked his feet from under him.[3] *See* Am. Compl. [Doc. No. 29] at 16. The record further supports a reasonable inference that this kick occurred without reason, when Plaintiff was not disobeying any order. In other words, Officer Arrington allegedly employed a gratuitous, unnecessary use of force against a handcuffed prisoner who had already been removed from any disturbance. Also, the Court agrees that it cannot be determined as a matter of law on the record presented that Plaintiff's alleged injuries (a bruised ankle and "ripped back thumb nail") were not serious enough to suggest a wanton desire to inflict pain. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Even minor, painful injuries may violate contemporary standards of decency if prison officials apply force maliciously and sadistically to cause harm and the use of physical force is not *de minimis*. *Id*. at 9-10. Here, the Court concurs in Judge Bacharach's finding that a dispute of material facts precludes summary judgment. The Court therefore adopts the Report and Recommendation [Doc. No. 102] in this regard.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss/for Summary Judgment [Doc. No. 60] is GRANTED in part and DENIED in part as follows:

---

[3] A verified complaint contains a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information in the pleading is true and correct. Such a pleading is treated as an affidavit when it states facts within the plaintiff's personal knowledge. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991); *see also Green v. Branson*, 108 F.3d 1296, 1301 n.1 (10th Cir. 1997).

- The Oklahoma County Detention Center is not a suable entity and is DISMISSED with prejudice.

- The Oklahoma County Sheriff's Office has been voluntarily dismissed by Plaintiff and its request for dismissal is moot.

- Lieutenant Hansen, Corporal Whitehorn, SDO Gurley, and Latisha Prince lack personal participation and are DISMISSED without prejudice.

- The following claims are DISMISSED without prejudice for failure to state a claim:

  - deprivation of due process based on a failure to respond to grievances;

  - deprivation of due process based on a failure to protect Plaintiff from threat of injury by fellow inmates;

  - deprivation of property through a confiscation of personal items from his cell, such as pencils, erasers, headphones and batteries; and

  - deprivation of property through a loss of an incoming mail package.

- The following claims are not subject to dismissal or summary judgment and survive as to Defendants Hill, Herron, Carson, Sedbrook, Faulkner, Thomas, Bradley, Finley, Doroteo, Garner, Arrington, Ramsey, Moore, Chandler, and Carrion in their personal capacities (as specified below with respect to particular claims):

  - violation of the First Amendment based on a failure to respond to grievance (Defendants Hill, Herron, Carson, Sedbrook, Faulkner, Thomas, Bradley, Doroteo and Garner);

  - cruel and unusual punishment due to a failure to protect Plaintiff from threat of injury by other inmates (Defendants Hill, Sedbrook and Thomas);

  - denial of access to the courts due to restrictions on communications with court-appointed counsel (Defendants Hill, Carson, Sedbrook, Bradley, Finley, Doroteo, Garner and Carrion);

  - deprivation of property through the intentional withholding of an incoming mail package (Defendants Garner and Faulkner);

  - cruel and unusual punishment due to an improper transfer to an inoperable cell (Defendant Moore) and a lack of cups (Defendant Sedbrook);

  - use of excessive force (Defendant Arrington);

- deprivation of religious materials (Defendants Carson, Bradley, Arrington, and Chandler); and

- deprivation of due process in the disciplinary process.

IT IS FURTHER ORDERED that upon initial screening of the Amended Complaint, a claim of unconstitutional conditions of confinement asserted in Count IV is DISMISSED without prejudice to the extent of the following allegations: inadequate recreation; unclean conditions; inadequate diet; lack of fresh air; inadequate sight checks; inoperable medical emergency buttons; insufficient hygiene supplies and clothing; disparaging remarks; and excessive commissary prices.

IT IS SO ORDERED this  8th  day of September, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE